Kenneth A. Hill
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
ATTORNEYS FOR THE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO SERVICES, LLC, | § | CASE NO. 23-30035-mvl7 |
| | § | |
| DEBTOR. | § | |

**MOTION TO APPROVE SALE OF INTERESTS IN UNENCUMBERED CAUSES OF ACTION FREE AND CLEAR OF INTERESTS**

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

Areya Holder Aurzada (the "**Trustee**"), the chapter 7 trustee for Animo Services, LLC (the "**Debtor**"), files this *Motion to Approve Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* and would respectfully show the Court as follows:

## I. FACTUAL BACKGROUND

1. On January 4, 2023, an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code was filed against the Debtor. This Court entered an order for relief under chapter 7 against the Debtor on February 9, 2023. The Trustee was appointed as the chapter 7 trustee, and she continues to serve in that capacity.

2. No bankruptcy schedules or statement of financial affairs have been filed in this case.

3. The Debtor is a wholly owned subsidiary of With Purpose, Inc., which is a debtor in a separate chapter 7 case in this Court, Case No. 23-30246-mvl7.

4. The Trustee is holding $483,607.08 in this bankruptcy case, all of which are proceeds of a Court-approved settlement with Netrix, LLC and a federal income tax refund.

5. The Trustee received an offer from GloriFi Acquisitions, LLC (the "**Buyer**") to purchase interests in the Debtor's bankruptcy estate's unencumbered causes of action, excluding any claims against Netrix, LLC or related to the federal income tax refund the Trustee already received. Following negotiations, the Trustee and the Buyer agreed, subject to this Court's approval, for the Buyer to purchase interests in the Debtor's bankruptcy estate's unencumbered causes of action, excluding any claims against Netrix, LLC or related to the federal income tax refund the Trustee already received, on the terms of the Agreement attached hereto as Exhibit "A" (the "**Agreement**"). For ease of reference, all capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Agreement.

6. The Buyer recently entered into a Court-approved agreement with Scott Seidel, the chapter 7 trustee for With Purpose, Inc., providing for the Buyer to prosecute and manage causes of action of the With Purpose, Inc. bankruptcy estate (Dkt. Nos. 258 and 399 in Case No. 23-30246-mvl7).

## II. PROPOSED SALE

7. The Trustee seeks authority to sell interests in the Unencumbered Estate Causes of Action to the Buyer free and clear of all liens, claims, and encumbrances under sections 363(b) and (f) of the Bankruptcy Code on the following terms:

(a) The Buyer will pay the Trustee $200,000.00 and fund all professional fees and expenses to investigate and pursue Unencumbered Estate Causes of Action. The Buyer will be reimbursed out of the first Unencumbered Net Proceeds from Unencumbered Estate Causes of Action for that $200,000.00, all professional fees and expenses paid to

investigate and pursue Unencumbered Estate Causes of Action, and interest. After the Buyer receives those full reimbursements, all Unencumbered Net Proceeds will be shared eighty percent to the Buyer and twenty percent to the Trustee. The Buyer's rights under the Agreement will be secured by a first priority lien and security interest in all Unencumbered Net Proceeds.

(b) The Buyer will have sole authority to prosecute, not prosecute, settle, or otherwise dispose of or not dispose of Unencumbered Estate Causes of Action, except that the Trustee's approval is required for non-suiting, dismissing, or settling Unencumbered Estate Causes of Action, and the Buyer will at all times reasonably and timely consult with the Trustee with respect to material decisions regarding whether to prosecute Unencumbered Estate Causes of Action, not to prosecute them, negotiations regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Unencumbered Estate Causes of Action.

(c) The Buyer and the Trustee will enter into the Joint Prosecution Agreement attached as an exhibit to the Agreement.

8. For a complete understanding of the proposed transaction, interested parties should refer to the Agreement itself. The terms of the Agreement will control over any inconsistent or conflicting terms stated in this motion.

9. The Trustee requests that the Court expressly find that the Buyer is purchasing the interests in the Debtor's unencumbered causes of action in "good faith" within the meaning of section 363(m) of the Bankruptcy Code and that the Buyer is entitled to the protections afforded thereby, and that neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject

to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) or 364(e) of the Bankruptcy Code. The Buyer is not affiliated in any way with the Debtor, the Trustee, the undersigned counsel, or any other party in interest in this case, except that the Buyer is a party to the Court-approved agreement with Scott Seidel, the chapter 7 trustee for With Purpose, Inc., described above. The Trustee negotiated the transaction proposed in this motion at arm's length and in good faith.

10. The Trustee also requests that the Court order that the 14-day stay under Fed. R. Bankr. P. 6004(h) not apply so that the Trustee has the flexibility to proceed with closing to meet the applicable deadlines in the Agreement.

11. The Trustee also requests that the Court authorize her to do all things and execute all documents necessary to close the sale on the terms approved in the order.

## III. ARGUMENT AND AUTHORITIES

12. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### A. This Court should approve the sale.

13. Section 363(b) of the Bankruptcy Code provides in pertinent part that a trustee "after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A trustee must demonstrate a sound business justification for a sale or use of assets outside the ordinary course of business. *E.g., In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

14. Courts look to various factors to determine whether to approve a motion under section 363(b), such as: (i) whether a sound business reason exists for the proposed transaction;

(ii) whether fair and reasonable consideration is provided; (iii) whether the transaction has been proposed and negotiated in good faith; and (iv) whether adequate and reasonable notice is provided. *In re Condere*, 228 B.R. 615, 626 (S.D. Miss. 1998).

15. The sale proposed in this Motion satisfies section 363(b) in that a sound business justification exists to sell interests in the Unencumbered Estate Causes of Action. The proposed sale will maximize the value of estate property for the benefit of creditors. Based upon the Trustee's business judgment and experience, she believes the proposed terms are fair and reasonable under the circumstances presented. The proposed sale will generate a minimum of $200,000.00 of unencumbered funds for the Debtor's bankruptcy estate without requiring the estate to fund any fees or expenses to investigate or pursue any of the Unencumbered Estate Causes of Action. This Motion is being served on all creditors listed on the Debtor's creditor matrix, the Debtor and its counsel of record, and all persons and entities that have filed notices of appearances in this case, which is reasonable notice of the proposed sale.

**B. This Court should approve the sale free and clear of interests.**

16. When a sound business justification exists for a sale transaction, the Court may, pursuant to section 363(f) of the Bankruptcy Code, authorize the sale free and clear of interests if one of the following applies: (1) applicable non-bankruptcy law permits the sale of such property free and clear of such interests; (2) any entity a holding lien, claim, encumbrance or interest consents to the proposed sale; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest. 11 U.S.C. § 363(f). Because section 363(f) is drafted in the

disjunctive, satisfaction of any one of its five requirements will suffice to approve the sale of assets free and clear of interest.

17. The term "Unencumbered Estate Causes of Action" is defined in the Agreement to mean only causes of action owned by the Debtor's bankruptcy estate that are not subject to any liens, security interests, or other encumbrances. WPI Collateral Management, LLC, as Collateral Agent for the Series 2 Noteholders, filed a proof of claim in the Debtor's bankruptcy case asserting a claim of $32,117,107.00 secured by, among other things, general intangibles.[1] The sale of interests in Unencumbered Estate Causes of Action does not include interests in any causes of action encumbered by a lien or security interest held by WPI Collateral Management, LLC. Therefore, a sale free and clear of interests is authorized by sections 363(f).

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that the Court enter an order:

(a) authorizing the Trustee to sell interests in the Unencumbered Estate Causes of Action to the Buyer on the terms of the Agreement free and clear of all interests under 11 U.S.C. § 363(b) and (f);

(b) finding that the Buyer is purchasing interests in the Unencumbered Estate Causes of Action on the terms of the Agreement in "good faith" within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protections afforded thereby, and neither the Trustee nor the Buyer have engaged in any conduct that would cause or

---

[1] The Guarantee and Collateral Agreement on which WPI Collateral Management, LLC's secured claim is based purports to grant a security interest in "Commercial Tort Claims listed on Schedule 7," but that schedule list only "None." Therefore, WPI Collateral Management, LLC's claim is not secured by any commercial tort claims that are property of the Debtor's bankruptcy estate.

permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) or 364(e) of the Bankruptcy Code;

(c) grant to the Buyer liens on the Unencumbered Net Proceeds;

(d) ordering that the fourteen-day stay provided in Fed. R. Bankr. P. 6004(h) or any other stay does not apply to the order;

(e) authorizing the Trustee to do all things and execute all documents necessary to close the sale of interests in the Unencumbered Estate Causes of Action on the terms approved in the order; and

(f) granting the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: *_/s/ Kenneth A. Hill_*
Kenneth A. Hill
Texas Bar No. 09646950
ATTORNEYS FOR THE TRUSTEE

**CERTIFICATE OF CONFERENCE**

I hereby certify that I reasonably anticipate that the number of opposing parties may be too numerous to contact prior to filing this Motion.

*_/s/ Kenneth A. Hill_*
Kenneth A. Hill

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing by (a) the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtor, the Trustee, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j) and (b) first class mail, postage prepaid, on the persons and entities set forth on the attached service list.[2]

*/s/ Kenneth A. Hill*
Kenneth A. Hill

[2] The service list is omitted from service copies to avoid unnecessary copying and postage charges, but a copy can be obtained free of charge by making a written request to Diana Cruz at Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, fax (214) 871-2111, e-mail dcruz@qslwm.com.

# Exhibit "A"

## AGREEMENT

This Agreement (this "Agreement") dated as of January [•], 2025 (the "Execution Date"), is made by and between **AREYA HOLDER AURZADA** as the chapter 7 trustee of Animo Services LLC (the "Trustee") and **GLORIFI ACQUISITIONS, LLC** ("Agent"), who collectively are referred to herein as the "Parties" or in the singular case as a "Party).

## RECITALS

**WHEREAS**, on January 4, 2023 (the "Petition Date"), an involuntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") was filed against Animo Services LLC ("Animo" or "Debtor") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), thereby initiating the bankruptcy case styled *In re Animo Services LLC*, Case No. 23-30035-mvl7 (the "Bankruptcy Case" and the estate thereof being referred to as "Estate");

**WHEREAS**, on February 8, 2023, With Purpose, Inc. ("WPI Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby initiating the bankruptcy case styled *In re With Purpose, Inc.*, Case No. 23-30246-mvl7 (the "WPI Bankruptcy Case" and the estate thereof being referred to as "WPI Estate");

**WHEREAS**, on February 9, 2023, the Bankruptcy Court entered an order for relief under chapter 7 of the Bankruptcy Code against Animo;

**WHEREAS**, Animo is a wholly owned subsidiary of WPI;

**WHEREAS**, the Animo Estate and the WPI Estate may have causes of action arising out of the operations of Animo and WPI prior to their respective bankruptcy filings;

**WHEREAS**, on January [•], 2025, Agent entered into an agreement with the trustee for the WPI Estate in the WPI Bankruptcy Case providing for the Agent to prosecute and manage causes of action of the WPI Estate in accordance with the terms and conditions of such agreement (the "WPI Agent Agreement") [Case No. 23-30246, Docket No. [•]];

**WHEREAS**, Agent and Trustee believe there is merit to entering into an agreement for the Animo Estate in the Animo Bankruptcy Case that is similar in nature to the WPI Agreement; and

**WHEREAS**, the Parties have determined that the terms of this Agreement are fair, reasonable, and adequate, and is in the best interest of the Parties and both Estates.

**NOW, THEREFORE**, in consideration of the foregoing recitals, and the terms, agreements, representation, and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## AGREEMENT

## CONDITIONS PRECEDENT

1. Recitals. The recitals and prefatory phrases and paragraphs set forth above are incorporated in full and made part of this Agreement.

2. Effective Date. Unless otherwise stated, the obligations, representations and warranties stated in this Agreement shall become effective on the date upon which all of the following conditions precedent have occurred (the "Effective Date"):

(a) the Bankruptcy Court has entered an order in the Debtor's Bankruptcy Case, in a form reasonably acceptable to the Parties, approving this Agreement and making findings of fact and conclusions of law to the extent required to give effect to this Agreement and such order has not been stayed, modified, or amended (the "Approval Order"), substantially in the form attached hereto as Exhibit A; and

(b) the Trustee and the Agent shall have executed a Joint Prosecution Agreement substantially in the form attached hereto as Exhibit B (the "JPA").

3. Appeals. In the event the Approval Order is stayed pending appeal, the Agent shall be under no obligation to fund the Payment. The Trustee and Agent shall work cooperatively to respond to and oppose any appeal.

4. Bankruptcy Court Approval. The Trustee shall file all appropriate motions, notices and proposed orders seeking Bankruptcy Court approval of this Agreement and entry of the Approval Order, subject to the Agent's approval as to form, such approval not to be unreasonably withheld.

5. Non-Approval. In the event the Agreement is not approved by the Bankruptcy Court on or before February 7, 2025, unless agreed to by the Parties: (a) nothing herein shall be deemed a representation or admission by any Party as to any issue, (b) this Agreement will be deemed null and void, including the validity of any and all instruments executed by any of the Parties for its performance and implementation prior to its approval and the Effective Date, and (c) the Parties shall be returned to the status quo each Party held prior to entry into this Agreement.

6. Non-Occurrence of the Effective Date. In the event the Approval Order has been entered, but the Effective Date shall have not occurred, then any Party may seek to enforce rights and obligations under this Agreement by seeking relief from the Bankruptcy Court, including relief for specific performance of other Parties' obligations hereunder. If the Effective Date shall not have occurred by February 7, 2025, this Agreement shall be null and void unless otherwise extended in writing by the Parties.

7. Final Order. Waiver of the fourteen day stay shall be requested.

## DEFINITIONS

8. "Agent Expenses" are defined herein.

9. "Causes of Action" means any (a) claims, interests, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, in tort, law, or equity, (b) all rights of setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by law (c) claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; and (d) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code.

10. "Encumbered Estate Causes of Action" means Estate Causes of Action that are subject to a valid and perfected lien or security interest as of the Petition Date.

11. "Estate Causes of Action" means Causes of Action owned by the Estate; provided, however, that Estate Causes of Action excludes (a) any and all causes of action the Estate or the Trustee may hold against Netrix, LLC and (b) all IRS refunds.

12. "Gross Negligence" means a final determination by the Bankruptcy Court that the party has engaged in intentional wrongdoing or a knowing extreme departure from the care a reasonable person would exercise in similar circumstances.

13. "Special Counsel Fees" are defined herein.

14. "Unencumbered Estate Causes of Action" means (a) Estate Causes of Action pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code, (b) Estate Causes of Action for breach of fiduciary duty including similar and related claims unless such claims are determined by the Bankruptcy Court to be the subject of a valid and perfected lien or security interest as of the Petition Date, (c) Estate Causes of Action for malpractice unless such claims are determined by the Bankruptcy Court to be the subject of a valid and perfected lien or security interest as of the Petition Date, (d) Estate Causes of Action for commercial torts unless such commercial tort claim is determined by the Bankruptcy Court to be the subject of a valid and perfected lien or security interest as of the Petition Date, and (e) any other Estate Causes of Action that are not Encumbered Estate Causes of Action.

15. "Unencumbered Net Proceeds" shall mean: the proceeds obtained from the Unencumbered Estate Causes of Action.

## PAYMENT

16. Payment. The Agent shall provide to the Estate $200,000 cash pursuant to 11 U.S.C. § 363, and the Trustee shall sell, and the Agent shall purchase, free and clear of any and all liens, claims, interests and encumbrances of any kind or type, the Debtor's and Estate's rights given to Agent hereunder and under the JPA, which amount shall constitute free and clear cash, free of all liens, claims, interests and encumbrances of any kind or type (the "Payment"). The

purchase shall be memorialized in one or more separate agreements and assignments as are satisfactory to the Trustee and the Agent.

17. Deposit. Within two (2) business days of the filing by the Trustee of a motion for approval of this Agreement, the Agent shall deposit the sum of $20,000 to be held in the Trustee's trust account as a credit to the Payment, and will be paid to the Trustee if the Agreement closes or Agent fails to close pursuant to the terms of the Agreement following entry of the Approval Order, or returned to Agent if this Agreement does not close for any other reason.

**PROSECUTION OF CAUSES OF ACTION**

18. Agent Sole Authority. Subject only to the Major Decisions described below, Agent shall have sole authority to prosecute, not prosecute, negotiate, settle or otherwise dispose or not dispose of the Unencumbered Estate Causes of Action. No other party shall be entitled to assert any Unencumbered Estate Causes of Action, as such sole authority over Unencumbered Estate Causes of Action is vested in the Agent.

19. Claim Investigation. The Agent shall have sole authority to retain professionals to investigate the merits of asserting Unencumbered Estate Causes of Action. Agent shall be responsible for the fees, costs and expenses of any such investigation, and any such amounts shall be included in "Agent Expenses" as defined below.

20. Joint Prosecution Agreement. The Agent and the Trustee shall enter into the JPA substantially in the form attached hereto as Exhibit B. The JPA shall vest any and all discretion and authority to prosecute the Unencumbered Estate Causes of Action in the Agent; *provided, however*, that any settlement of an Unencumbered Estate Causes of Action shall be subject to Bankruptcy Court approval. For the avoidance of doubt, the Trustee acknowledges that the Agent shall be empowered and entitled to bring suit for Unencumbered Estate Causes of Action in the name of and on behalf of Trustee and shall be further empowered to add the Trustee as a party to existing litigation or substitute the Trustee as a party to existing litigation. In the event the Agent is grossly negligent in the prosecution of Unencumbered Estate Causes of Action, the Trustee may seek relief from the Bankruptcy Court from this provision and the JPA. Major Decisions require the Trustee's approval, which approval shall not be unreasonably withheld. "Major Decisions" are limited to non-suiting, dismissing, or settling Unencumbered Estate Causes of Action, and the Agent shall at all times reasonably and timely consult with the Trustee with respect to material decisions regarding whether to prosecute Estate causes of action, not to prosecute them, negotiations regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Estate causes of action.

21. Notice and Indemnification. The Trustee and her counsel shall be kept apprised of all litigation of Unencumbered Estate Causes of Action and are entitled to advise, but not direct, the Agent's prosecution of any Unencumbered Estate Causes of Action. The Agent agrees to indemnify the Trustee and her counsel in the event any sanctions are entered against the same as a result of the Agent's actions, inactions, omissions, and the like in the prosecution of any litigation controlled by the Agent.

22. Special Litigation Counsel; Other Estate Professionals. The Trustee shall timely file one or more applications (the "Employment App") in the Bankruptcy Court to employ special litigation counsel ("Special Counsel") to pursue the Unencumbered Estate Causes of Action, such Special Counsel selected by Agent. The Trustee shall employ further other professionals to provide services to the Estate as may be reasonably requested by the Agent or Special Counsel, as selected by the Agent, and all fees and expenses of such other professionals shall be paid in full by the Agent and included in "Agent Expenses" as defined below.

23. Privileges. The Parties agree to share work product, attorney/client and other privileges in furtherance of the JPA and the prosecution and defense of the matters currently pending or to be filed in the Bankruptcy Court, and with respect to related matters raised in any other jurisdiction, venue or proceeding.

**SHARING OF UNENCUMBERED NET PROCEEDS**

24. Sharing of Unencumbered Net Proceeds. In exchange for the consideration set forth in this Agreement, the Agent and the Trustee agree to the sharing of Unencumbered Net Proceeds in accordance with the table below, after first accounting for any paying any fees owed to Special Counsel.

| UNENCUMBERED NET PROCEEDS | AGENT | ESTATE |
|---|---|---|
| Up to Preferred Recovery | 100% | 0% |
| Above the Preferred Recovery | 80% | 20% |

25. Preferred Recovery. The Agent will receive a preferred recovery in the amount of (i) $200,000, plus (ii) advanced Special Counsel Fees, plus (iii) incurred Agent Expenses, plus (iv) 1% per month return on the outstanding balance of (i) through (iii), compounded monthly (collectively, the "Preferred Recovery").

26. Litigation Fee and Expenses. Fees, costs and expenses incurred by Special Counsel in pursuit of the litigation pursuant to the JPA shall be paid from Unencumbered Net Proceeds ("Special Counsel Fees"). Agent is permitted to advance Special Counsel Fees, and any such amounts advanced by Agent shall be reimbursed to Agent from the Unencumbered Net Proceeds. The Agent is not responsible for any fees and expenses incurred by the Trustee, which fees and expenses shall be paid by the Estate.

27. Agent Expenses. Fees, costs and expenses incurred by Agent with respect to the pursuit of the litigation pursuant to the JPA and the Bankruptcy Case shall be paid from Unencumbered Net Proceeds ("Agent Expenses").

28. Security Interests, Perfection and Priority. The obligations owing to Agent hereinunder shall be secured by first priority lien and security interest in all of the Unencumbered Net Proceeds. Such liens and security interests shall be deemed unavoidable, fully and properly perfected by this Agreement and the Approval Order. Following the sharing of Unencumbered Net Proceeds hereunder, the Estate's share of Unencumbered Net Proceeds

will be deemed property of the Estate free and clear of any and all liens, claims and encumbrances.

29. Funds Received by Trustee on or Before the Effective Date. Any proceeds received by the Estate on or before the Effective Date from the IRS and from the settlement with Netrix, LLC, are excluded from this Agreement.

## CLAIM OBJECTIONS

30. Claim Objections. Pursuant to the JPA, the Agent or Trustee can object to claims, individually, jointly or cooperatively. The Agent may unilaterally assert, file and prosecute claim objections and is authorized to do so without further order of the Court.

## BREACH

31. Either Party may seek appropriate relief from the Bankruptcy Court upon a material breach of this Agreement or the JPA by the other Party.

## MISCELLANEOUS TERMS

32. Entire Understanding. This Agreement has been prepared after negotiations among the Parties and contains the entire understanding and agreement among the Parties with respect to the Estate Causes of Action, and any and all claims that have arisen or which could have arisen in connection with the Estate Causes of Action. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, whether verbal or written, which are not specifically incorporated in this Agreement, shall be deemed in any way to exist or bind the Parties. The Parties acknowledge that no Party has executed this Agreement in reliance on any promise, representation, or warranty not expressly contained in this Agreement.

33. No Assumed Liabilities. Notwithstanding anything to the contrary set forth herein, the Parties expressly acknowledge and agree that Agent will not assume, be obligated to pay, perform or otherwise discharge or in any other manner be liable or responsible for liabilities of the Debtor or Estate, whether existing on date of the Approval order or arising thereafter, including on the basis of any law imposing successor liability, other than as expressly assumed hereunder and the obligations of Agent under this Agreement.

34. Attorneys' Fees and Costs. Unless otherwise provided in this Agreement, the Parties shall bear their own costs and attorneys' fees incurred in connection with the negotiation and consummation of this Agreement. Notwithstanding the foregoing, if any Party is required to enforce its rights under this Agreement, then the prevailing Party of any such action shall be entitled to its reasonable attorneys' fees and costs from the non-prevailing Party.

35. Capacity. By execution below, consistent with this Agreement, each Party agrees and affirmatively represents that it has the full capacity and authority to execute, perform, and be bound by each and every term of this Agreement.

36. Related Claims. If any action, claim or similar proceeding is filed or commenced in any court or tribunal asserting Unencumbered Estate Causes of Action or seeking relief in

contravention of this Agreement, the Parties shall cooperate in opposing such relief, and to seek dismissal, stay or withdrawal of such matter, including seeking relief from the Bankruptcy Court.

37. Rescission of Entire Agreement. In the event that the Bankruptcy Court declares the Agreement, or any material provision of the Agreement, invalid or unenforceable, the entire Agreement will be deemed rescinded and void ab initio.

38. Ownership of Claims. The Trustee acknowledges by virtue of signing this Agreement that the Trustee is the lawful owner of all rights, title, and interest in and to the Unencumbered Estate Causes of Action, and that it has not heretofore assigned or transferred, or purported to assign or transfer, any of such claims, in whole or in part, to any other person or entity, and that it has the authority to enter into this Agreement and to bind each Party to its terms, subject to approval of the Bankruptcy Court.

39. Insurance. Any obligation of any insurer to pay any defense costs is not a condition to the effectiveness of this Agreement, and the insurer's failure to pay any defense costs shall not affect the force and validity of this Agreement, or any obligation of any insurer.

40. Notice to Parties. Unless otherwise agreed to in writing, all notices or communications under this Agreement by any Party to the other Party shall be in writing, sent via email, and mailed by certified mail, return-receipt requested, or by overnight courier with a parcel tracking system, to counsel for the Parties. Notices shall be deemed to have been given as of the date sent. Notice shall be sent as follows:

| | |
|---|---|
| To Trustee: | Areya Holder Aurzada, Trustee<br>Law Office of Areya Holder, PC<br>PO Box 2105<br>Addison, TX 75001-2105<br>Email: areya@holderlawpc.com |
| With copies, which shall not constitute notice, to: | Quilling, Selander, Lownds, Winslett & Moser, P.C.<br>Attn: Kenneth A. Hill<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201<br>Email: kenhill@qslwm.com |
| To Glorifi Acquisitions, LLC: | Glorifi Acquisitions, LLC<br>2655 Northwinds Parkway<br>Alpharetta, Georgia 30009<br>Attn: Richard L. Jackson<br>Telecopy Number: 678-495-5356<br>Telephone Number: 770-643-5605<br>Email: rlj@jacksonhealthcare.com |
| With copies, which shall not constitute notice, to: | Kilpatrick Townsend & Stockton LLP<br>Attn: Paul M. Rosenblatt |

1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4528
Email: PRosenblatt@ktslaw.com

41. Execution in Counterparts. The Parties may execute this Agreement in counterpart originals in any number of actual, faxed, telecopied and/or PDF scanned counterparts. Each executed counterpart will be considered an original, and all of them together will constitute a singular Agreement. No counterpart shall be altered or interlined and all of them together shall constitute but one and the same instrument.

42. Governing Law. This Agreement will be interpreted and construed under the laws of the State of Texas, the Bankruptcy Code and Bankruptcy Rules, regardless of the domicile of any Party or conflict of laws principles, and will be deemed for such purposes to have been made, executed, and performed in the State of Texas.

43. Construction. This Agreement shall be construed as if the Parties jointly participated in the preparation of this Agreement and any uncertainty and/or ambiguity shall not be interpreted against any one Party.

44. Headings. The section titles, captions, and headings contained in this Agreement are inserted as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Agreement or the effect of any of its provisions.

45. Jurisdiction and Venue. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Agreement. Venue relating to this Agreement shall be proper in the Bankruptcy Court for the Northern District of Texas.

46. No Admission of Liability. Nothing in this Agreement shall be construed as an admission of liability or any agreement to subject a Party to the personal jurisdiction of any particular court, except and solely to the extent necessary to enforce or interpret this Agreement.

47. Binding on Successors, Assigns, and Others. This Agreement and the covenants and conditions it contains shall be jointly and severally binding upon the Parties and their respective heirs, executors, administrators, conservators, plan administrators, agents, trustees, servants, employees, committees, beneficiaries, predecessors, successors (including any successor chapter 7 trustee), attorneys, insurers, transferees, and assigns.

48. Amendments and Waivers. Any amendment to this Agreement shall be in writing and shall conform to the same formalities as exhibited in this Agreement. No failure to exercise, nor delay in exercising, any right, remedy or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy or power under this Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy or power provided herein or by law or in equity.

49. Further Assurances. Each of the Parties agrees to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Execution Date, and it shall be effective on the Effective Date.

| | |
|---|---|
| AREYA HOLDER AURZADA AS CHAPTER 7 AS CHAPTER 7 TRUSTEE OF ANIMO SERVICES, LLC | GLORIFI ACQUISITIONS, LLC |
| By: ____________________ | By:__________________________ |
| Name: Areya Holder Aurzada | Name: Richard L. Jackson |
| Title: Trustee | Title: CEO |

**EXHIBIT A**

**FORM OF APPROVAL ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO SERVICES, LLC, | § | CASE NO. 23-30035-mvl7 |
| | § | |
| DEBTOR. | § | |

**ORDER APPROVING SALE OF INTERESTS IN UNENCUMBERED CAUSES OF ACTION FREE AND CLEAR OF INTERESTS**

On February ___, 2025, the Court held a hearing on the *Motion to Approve Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* (Dkt. No. ___, the **"Motion"**) filed by Areya Holder Aurzada (the "**Trustee**"), the chapter 7 trustee for Animo Services, LLC (the "**Debtor**"). After reviewing the Motion and considering the record in this case, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:[1]

[1] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. No response or objection was filed to the Motion.

3. On January 4, 2023, an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code was filed against the Debtor. This Court entered an order for relief under chapter 7 against the Debtor on February 9, 2023. The Trustee was appointed as the chapter 7 trustee, and she continues to serve in that capacity.

4. In the Motion, the Trustee requested authority to sell interests in the Debtor's bankruptcy estate's unencumbered causes of action, excluding any claims against Netrix, LLC or related to the federal income tax refund the Trustee already received, on the terms of the Agreement attached as Exhibit "A" to the Motion (the "**Agreement**") to the Buyer free and clear of all liens, claims, and encumbrances under sections 363(b) and (f) of the Bankruptcy Code. For ease of reference, all capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Agreement.

5. The standards of section 363(b) of the Bankruptcy Code are satisfied in this case to allow the Trustee to sell interests in the Unencumbered Estate Causes of Action to the Buyer as proposed in the Motion. Specifically, the proposed sale constitutes a sound exercise of the Trustee's business judgment and is in the best interests of the Debtor's bankruptcy estate.

6. The standards of section 363(f) are satisfied in this case to allow the Trustee's sale of interests in the Unencumbered Estate Causes of Action to the Buyer as proposed in the Motion

to be made free and clear of all interests. Specifically, the term "Unencumbered Estate Causes of Action" is defined in the Agreement to mean only causes of action owned by the Debtor's bankruptcy estate that are not subject to any liens, security interests, or other encumbrances. The Trustee represented in the Motion that her proposed sale of interests in Unencumbered Estate Causes of Action does not include interests in any causes of action encumbered by a lien or security interest held by WPI Collateral Management, LLC, as Collateral Agent for the Series 2 Noteholders.

7. This Court finds that the Buyer is purchasing interests in the Unencumbered Estate Causes of Action on the terms of the Agreement in "good faith" within the meaning of section 363(m) of the Bankruptcy Code; and that neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code.

8. To secure the Buyer's interest in the Unencumbered Net proceeds, it is reasonable to provide to the Buyer unavoidable, first-priority and perfected security interests and liens in all Unencumbered Net Proceeds (which, for the avoidance of doubt, does not include any of the $200,000 paid to the Trustee under the Agreement).

IT IS THEREFORE ORDERED as follows:

a. the Trustee shall be and hereby is authorized to sell interests in the Unencumbered Estate Causes of Action to the Buyer on the terms of the Agreement free and clear of all interests under 11 U.S.C. § 363(b) and (f);

b. the Buyer is determined to be purchasing interests in the Unencumbered Estate Causes of Action on the terms of the Agreement in "good faith" within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protections afforded

thereby, and neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) if the Bankruptcy Code;

c. the Buyer is granted unavoidable, first-priority and perfected security interests and liens in all Unencumbered Net Proceeds (which, for the avoidance of doubt, does not include any of the $200,000 paid to the Trustee under the Agreement), without the need for recording any U.C.C. financing statements, but which statements the Agent may record notwithstanding the automatic stay and without need for further order of the Court;

d. this Order is a final order and the fourteen-day stay provided in Fed. R. Bankr. P. 6004(h) or any other provisions staying this Order does not apply to this Order and the Trustee may close the sale of the Subject Property immediately upon entry of this Order;

e. the Trustee shall be and hereby is authorized to do all things and execute all documents necessary to close the sale of interests in the Unencumbered Estate Causes of Action on the terms approved in this Order; and

f. the Court shall retain jurisdiction over this Order and the Agreement.

# # # End of Order # # #

Submitted by:
Kenneth A. Hill
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
ATTORNEY FOR THE TRUSTEE

**EXHIBIT B**

**JOINT PROSECUTION AGREEMENT**

# JOINT PROSECUTION AGREEMENT

This JOINT PROSECUTION AGREEMENT (this "Joint Prosecution Agreement"), dated as of February [•], 2025, is made between Areya Holder Aurzada, as the chapter 7 trustee of Animo Services LLC, a Texas limited liability company (the "Trustee"), and GloriFi Acquisitions, LLC, a Georgia Limited Liability Company (the "Agent").

## RECITALS

A. WHEREAS, the Trustee and Agent have entered into that certain Agreement, executed as of February [•], 2025 (the "Agreement"), pursuant to which the Trustee and Agent have agreed to enter into this Joint Prosecution Agreement to prosecute the Unencumbered Estate Causes of Action. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

B. WHEREAS, the Agreement contemplates that prior to the Effective Date of the Agreement, the Trustee and Agent will enter into this Joint Prosecution Agreement to, among other things, pursue the Unencumbered Estate Causes of Action on behalf of and in the name of the Trustee and the Estate.

C. WHEREAS, the Agreement further contemplates that this Joint Prosecution Agreement shall provide for and account for costs incurred in the prosecution of the Unencumbered Estate Causes of Action borne by the Estate; and

THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

1. The foregoing recitals are incorporated herein as if fully set forth herein.

2. This Joint Prosecution Agreement shall be effective on the Effective Date and shall have no force or effect whatsoever before the Effective Date.

3. The Trustee hereby appoints the Agent as the exclusive agent of the Trustee to investigate, commence, prosecute, manage public relations, settle, and liquidate each of the Unencumbered Estate Causes of Action, in each case, in the name of the Trustee; *provided, however*, that any settlements shall be subject to Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 and any applicable Local Rule. Major Decisions require the Trustee's approval, which approval shall not be unreasonably withheld. Major Decisions are limited to non-suiting, dismissing, or settling Unencumbered Estate Causes of Action, and the Agent shall at all times reasonably and timely consult with the Trustee with respect to material decisions regarding whether to prosecute Estate causes of action, not to prosecute them, negotiations

regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Estate causes of action.

4. Subject to the limitations of paragraph 3, the Agent is authorized to investigate, commence, prosecute, settle, and liquidate the Unencumbered Estate Causes of Action, or any portion thereof, in the sole discretion of Agent without further approval from Trustee or the Court, except as explicitly set forth in the Approval Order or the Agreement.

5. For the avoidance of doubt, nothing contained in this Joint Prosecution Agreement shall be construed to obligate the Agent to investigate, commence, prosecute settle, or liquidate any one of the Unencumbered Estate Causes of Action.

6. All proceeds derived from the investigation, commencement, prosecution, settlement, or liquidation of each of the Unencumbered Estate Causes of Action shall be payable and divided between the Estate and the Agent and paid consistent with the terms of the Agreement and Approval Order.

7. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; *provided*, *however*, that neither party hereto shall be permitted to assign its interest in this Joint Prosecution Agreement without the prior written consent of the other party.

8. This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Texas, without regard to the laws of any other jurisdiction that might be applied because of the conflicts of laws principles of the State of Texas.

9. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.

*[The remainder of this page has been intentionally left blank.]*

IN WITNESS WHEREOF, the parties have executed this Joint Prosecution Agreement as of the date first written above.

| | |
|---|---|
| AREYA HOLDER AURZADA AS CHAPTER 7 AS CHAPTER 7 TRUSTEE OF ANIMO SERVICES, LLC | GLORIFI ACQUISITIONS, LLC |
| By: ____________________ | By:__________________________ |
| Name: Areya Holder Aurzada | Name: Richard L. Jackson |
| Title: Trustee | Title: CEO |

Label Matrix for local noticing
0539-3
Case 23-30035-mvl7
Northern District of Texas
Dallas
Tue Jan 28 15:05:52 CST 2025

Animo Services, LLC
11700 Preston Road. Suite 660-394
Dallas, TX 75230-6112

Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o Sherrel K. Knighton
2777 N. Stemmons Frwy
Suite 1000
Dallas, TX 75207-2328

EastBanc Technologies, LLC
1211 31st Street, N.W.
Washington, DC 20007-3423

Kublr, LLC
1211 31st Street, N.W.
Washington, DC 20007-3423

Lain Faulkner & Co., PC
400 N. St. Paul Street, Suite 600
Dallas, TX 75201-6897

MBO Partners, Inc.
20405 Exchange St.
Ashburn, VA 20147-5934

McLaren Strategic Solutions, Inc.
One Park Plaza, Ste. 600
Irvine, CA 92614-5987

Neugebauer Family Enterprises LLC, Toby Neug
c/o Jackson Walker LLP
Attn: Bruce J. Ruzinsky
1401 McKinney Street, Suite 1900
Houston, TX 77010-1900

Oracle America, Inc.
Buchalter PC
c/o Shawn M. Christianson
425 Market St., Suite 2900
San Francisco, Ca 94105-2491

Savana, Inc.
c/o Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201-2721

The Great Realization, LLC
10601 Clarence Dr., Ste. 250
Frisco, TX 75033-3867

Unqork, Inc.
85 5th Ave., 6th Floor
New York, NY 10003-3019

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

Dark Matter Technologies LLC
6651 Gate Parkway
4th Floor
Jacksonville, FL 32256-8075

Davis & Jones, LLC
Attn: Patrick R. Thesing - File No. 1149
Arlington, TX 76006

EastBanc Technologies, LLC
1211 31st St. NW
Washington, DC 20007-3423

Insurance Services Office, Inc.
Mathew Wapner
McCarter & English, LLP
100 Mulberry Street, Four Gateway Center
Newark, NJ 07102

Justin Mertz
500 Boylston Street
Suite 2570
Boston, MA 02116-4044

Kameron N. Fleming
50 N. Laura Street
Suite 3900
Jacksonville, FL 32202, FL 32202-3622

Kublr, LLC
1211 31st St. NW
Washington, DC 20007-3423

Matthew Wapner
McCarter & English, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-4062

McLaren Strategic Solutions US Inc
One Park Plaza Ste 600 Irvine, CA 92614
,

OnPoint Companies LLC
c/o Steven T. Holmes
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Suite 570
Dallas, TX 75202-2413

Oracle America, Inc.
c/o Shawn M. Christianson, Esq.
Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105-2491

Scott M Seidel, trustee
Seidel Law Firm
6505 W. Park Blvd.
Suite 306
Plano, Texas 75093-6212

Stephen Curry
11406 S 69th E Place
Bixby, OK 74008-8241

Transmit Security, Inc.
500 Boylston Street
Suite 2570
Boston, MA 02116-4044

Unison Systems, Inc.
6130 Greenwood Plaza Blvd
Suite #100
Greenwood Village, CO 80111-4814

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Verinext Corp. (fka Anexinet Corp.)
510 Township Line Road, Suite 120
Blue Bell, PA 19422-2721

WPI Collateral Management, LLC
Field Manning Stone Aycock P.C.
c/o Josh Frost
2112 Indiana Avenue
Lubbock, Texas 79410-1444

With Purpose, Inc.
c/o Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000
Dallas, TX 75201-6605

Areya Holder
Areya Holder, Trustee
Law Office of Areya Holder, PC
PO Box 2105
Addison, TX 75001-2105

Scott M. Seidel
SEIDEL LAW FIRM
6505 West Park Blvd.
Suite 306
Plano, TX 75093-6212

Toby Neugebauer
c/o Jackson Walker LLP
Attn: Bruce J. Ruzinsky
1401 McKinney St.
Suite 1900
Houston, TX 77010-1900

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)OnPoint Companies, LLC

(d)Savana, Inc.
c/o Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201-2721

(d)Unqork Inc.
85 5th Avenue, 6th Floor
New York, NY 10003-3019

| | |
|---|---|
| End of Label Matrix | |
| Mailable recipients | 35 |
| Bypassed recipients | 3 |
| Total | 38 |