CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 6, 2025**

**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO SERVICES, LLC, | § | CASE NO. 23-30035-mvl7 |
| | § | |
| DEBTOR. | § | |

**ORDER APPROVING SALE OF INTERESTS IN UNENCUMBERED**
**CAUSES OF ACTION FREE AND CLEAR OF INTERESTS**

On February 5, 2025, the Court held a hearing on the *Motion to Approve Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* (Dkt. No. 84, the **"Motion"**) filed by Areya Holder Aurzada (the "**Trustee**"), the chapter 7 trustee for Animo Services, LLC (the "**Debtor**"). After reviewing the Motion and considering the arguments presented and evidence admitted, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:[1]

---

[1] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

3. On January 4, 2023, an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code was filed against the Debtor. This Court entered an order for relief under chapter 7 against the Debtor on February 9, 2023. The Trustee was appointed as the chapter 7 trustee, and she continues to serve in that capacity.

4. In the Motion, the Trustee requested authority to sell interests in the Debtor's bankruptcy estate's unencumbered causes of action, excluding any claims against Netrix, LLC or related to the federal income tax refund the Trustee already received, on the terms of the Agreement attached as Exhibit "A" to the Motion (the "**Agreement**") to GloriFi Acquisitions, LLC (the "**Buyer**") free and clear of all liens, claims, and encumbrances under sections 363(b) and (f) of the Bankruptcy Code. For ease of reference, all capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Agreement.

5. The standards of section 363(b) of the Bankruptcy Code are satisfied in this case to allow the Trustee to sell interests in the Unencumbered Estate Causes of Action to the Buyer as proposed in the Motion. Specifically, the proposed sale constitutes a sound exercise of the Trustee's business judgment and is in the best interests of the Debtor's bankruptcy estate.

6. The standards of section 363(f) are satisfied in this case to allow the Trustee's sale of interests in the Unencumbered Estate Causes of Action to the Buyer as proposed in the Motion

to be made free and clear of all interests. Specifically, the term "Unencumbered Estate Causes of Action" is defined in the Agreement to mean only causes of action owned by the Debtor's bankruptcy estate that are not subject to any liens, security interests, or other encumbrances. The Trustee represented that her proposed sale of interests in Unencumbered Estate Causes of Action does not include interests in any causes of action encumbered by a lien or security interest held by WPI Collateral Management, LLC, as Collateral Agent for the Series 2 Noteholders.

7. This Court finds that the Buyer is purchasing interests in the Unencumbered Estate Causes of Action on the terms of the Agreement in "good faith" within the meaning of section 363(m) of the Bankruptcy Code; and that neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code.

8. To secure the Buyer's interest in the Unencumbered Net proceeds, it is reasonable to provide to the Buyer unavoidable, first-priority and perfected security interests and liens in all Unencumbered Net Proceeds (which, for the avoidance of doubt, does not include any of the $200,000 paid to the Trustee under the Agreement).

IT IS THEREFORE ORDERED as follows:

a. the Trustee shall be and hereby is authorized to sell interests in the Unencumbered Estate Causes of Action to the Buyer on the terms of the Agreement free and clear of all interests under 11 U.S.C. § 363(b) and (f);[2]

b. the Buyer is determined to be purchasing interests in the Unencumbered Estate Causes of Action on the terms of the Agreement in "good faith" within the meaning

[2] For the avoidance of doubt, any approval by the Trustee to settle any Unencumbered Estate Causes of Action will require the prior approval of this Court.

of section 363(m) of the Bankruptcy Code and is entitled to the protections afforded thereby, and neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) if the Bankruptcy Code;

c. the Buyer is granted unavoidable, first-priority and perfected security interests and liens in all Unencumbered Net Proceeds (which, for the avoidance of doubt, does not include any of the $200,000 paid to the Trustee under the Agreement), without the need for recording any U.C.C. financing statements, but which statements the Agent may record notwithstanding the automatic stay and without need for further order of the Court;

d. this Order is a final order and the fourteen-day stay provided in Fed. R. Bankr. P. 6004(h) or any other provisions staying this Order does not apply to this Order and the Trustee may close the sale of the Subject Property immediately upon entry of this Order;

e. the Trustee shall be and hereby is authorized to do all things and execute all documents necessary to close the sale of interests in the Unencumbered Estate Causes of Action on the terms approved in this Order; and

f. the Court shall retain jurisdiction over this Order and the Agreement.

# # # End of Order # # #

APPROVED AS TO FORM:

*/s/ Kenneth A. Hill*
Kenneth A. Hill, Attorney for the Trustee

*/s/ Joshua D. Frost* (w/ permission by Kenneth A. Hill)
Joshua D. Frost, Attorney for WPI Collateral Management, LLC

*/s/ Paul Rosenblatt* (w/ permission by Kenneth A. Hill)
Paul Rosenblatt
Attorney for GloriFi Acquisitions, LLC