Kenneth A. Hill
Texas State Bar No. 09646950
kenhill@qslwm.com
Quilling, Selander, Lownds, Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 – Telephone
(214) 871-2111 – Facsimile

COUNSEL FOR AREYA HOLDER
AURZADA, TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE:** | § | **Case No. 23-30035-mvl7** |
| | § | |
| **ANIMO SERVICES, LLC,** | § | **Chapter 7** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**TRUSTEE'S AMENDED APPLICATION TO EMPLOY**
**IACUONE McALLISTER POTTER PLLC AS SPECIAL COUNSEL**

**NOTICE**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE ST., DALLAS, TX 75242 BEFORE THE CLOSE OF BUSINESS ON MARCH 27, 2025 WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

COMES NOW Areya Holder Aurzada (the "Trustee"), the duly-appointed chapter 7 trustee for the estate (the "Estate") of Animo Services, LLC (the "Debtor"), the debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), and files this her *Amended Application to Employ Iacuone McAllister Potter PLLC as Special Counsel* (the "Employment App"), respectfully stating as follows:

## I. JURISDICTION, VENUE, AND STATUTORY PREDICATE

1. An involuntary petition for relief was filed against Debtor under Chapter 7 of the Bankruptcy Code on January 4, 2023 (the "Petition Date"). On February 9, 2023, this Court entered its *Order for Relief in an Involuntary Case* [Dkt. No. 12].

2. The Trustee is the duly appointed Chapter 7 Trustee of the Estate.

3. The Court has jurisdiction over the Employment App and the relief requested herein under 28 U.S.C. §§ 157(b) and 1334. The Employment App presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O) because the employment of professionals concerns the administration of the Estate and affects the liquidation of assets of the Estate and the debtor-creditor relationship. Venue is likewise proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The Trustee requests the relief herein by right of section 327(e) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Bankruptcy Rules of the Northern District of Texas (the "N.D. Tex. L.B.R." or the "Local Rules"), and the Court-approved *Agreement* between the Trustee and GloriFi Acquisitions, LLC (the "Agreement"). A true and correct copy of the Agreement, as executed but with signatures redacted, is attached hereto as **Exhibit "A."**

## II. RELIEF REQUESTED

5. The Trustee seeks to retain, as of February 5, 2025, the law firm of Iacuone McAllister Potter PLLC ("Special Counsel"), as special counsel to the Estate. Subject to Court approval, the Estate will retain Special Counsel pursuant to the terms of the Agreement, and the *Joint Prosecution Agreement* (the "JPA"), a copy of which is attached hereto as **Exhibit "B"** with signatures redacted. The fees, costs, and expenses incurred by Special Counsel in pursuit of the litigation pursuant to the Agreement and JPA shall be paid from Unencumbered Net Proceeds[1] as provided in the Agreement.

## III. FACTUAL BACKGROUND

6. On January 28, 2025, the Trustee filed her *Motion to Approve Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* (the "Sale Motion") [Dkt. No. 84]. The Sale Motion was part of the Trustee's ongoing efforts to monetize the Estate's assets.

7. On February 6, 2025, the Court issued its *Order Approving Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* [Dkt. No. 94] (the "Approval Order"), which authorized the Trustee "…to sell interests in the Unencumbered Estate Causes of Action to the Buyer on the terms of the Agreement free and clear of all interests under 11 U.S.C. § 363(b) and (f)."[2] The Agreement, in turn, contemplates the Agent obtaining control over all Unencumbered Estate Causes of Action in exchange for $200,000.00, and sharing recoveries with the Estate:

[1] As that term is defined in the Agreement. *See* Agreement, ¶ 26. For ease of reference, all capitalized terms not otherwise defined in this Employment App shall have the meanings ascribed to such terms within in the Agreement.
[2] Approval Order, page 3, decretal (a).

> 18. Agent Sole Authority. Subject only to the Major Decisions described below, Agent shall have sole authority to prosecute, not prosecute, negotiate, settle or otherwise dispose or not dispose of the Unencumbered Estate Causes of Action. No other party shall be entitled to assert any Unencumbered Estate Causes of Action, as such sole authority over Unencumbered Estate Causes of Action is vested in the Agent.

Exhibit "A", ¶ 18.

> 22. Special Litigation Counsel; Other Estate Professionals. The Trustee shall timely file one or more applications … in the Bankruptcy Court to employ special litigation counsel … to pursue the Unencumbered Estate Causes of Action, such Special Counsel selected by Agent. The Trustee shall employ further other professionals to provide services to the Estate as may be reasonably requested by the Agent or Special Counsel, as selected by the Agent, and all fees and expenses of such other professionals shall be paid in full by the Agent and included in "Agent Expenses" as defined below.

Exhibit "A", ¶ 22.

8. The Trustee now files this Employment App to discharge her duties under the Agreement to seek Special Counsel's employment. Special Counsel has been developing the cases and causes of action since prior to entry of the Court's Approval Order. Accordingly, the Trustee seeks to retain Special Counsel as of February 5, 2025.

## IV. ARGUMENTS AND AUTHORITIES

9. Special Counsel has significant experience in complex chapter 7 estate litigation and commercial litigation. Further, Special Counsel is the Agent's chosen champion to pursue and liquidate the Unencumbered Estate Causes of Action. The Trustee has no doubt that Special Counsel will discharge its duties with the highest degree of skill and excellence.

10. Section 327(e) of the Bankruptcy Code provides: "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate,

and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

11. To obtain approval, the Trustee must state specific facts showing:

(A) the need for the employment;

(B) the name of the person to be employed;

(C) the reasons for the selection;

(D) the professional services to be rendered;

(E) any proposed arrangement for compensation; and

(F) to the best of the applicant's knowledge, all the person's connections with:

- the debtor;
- creditors;
- any other party in interest;
- their respective attorneys and accountants;
- the United States trustee; and
- any person employed in the United States trustee's office.

FED. R. BANKR. P. 2014(a). For the reasons stated below, Special Counsel meets all the requirements for retention under section 327(e) of the Bankruptcy Code, and Bankruptcy Rule 2014(a).

**A. <u>Basis for Selection</u>**

12. The Agent chose Special Counsel because of Special Counsel's substantial experience with complex commercial litigation involving fraud, breaches of fiduciary duty, and fraudulent transfers. Special Counsel has a combined several decades worth of experience with complicated litigation matters much like the Unencumbered Estate Causes of Action.

**B. Services to be Rendered**

13. Special Counsel intends to pursue and liquidate Unencumbered Estate Causes of Action, as that term is defined in the Agreement. Special Counsel will act according to the Agent's discretion under the Agreement, and in tandem with the Trustee to reach a resolution in each case.

**C. Compensation and Reimbursement**

14. The Agent, as buyer, has paid the Trustee $200,000.00 and will fund all professional fees, costs, and expenses incurred by Special Counsel to investigate and pursue Unencumbered Estate Causes of Action. The Agent will be reimbursed out of the first Unencumbered Net Proceeds for the $200,000.00, advanced Special Counsel Fees, incurred Agent Expenses, plus 1% per month on the outstanding balance of all of the foregoing, compounded monthly.[3]

15. Special Counsel has not agreed to share compensation received in this Bankruptcy Case with any other person or entity. Special Counsel has not received any promise as to compensation in connection with the Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code and as disclosed and described in the Agreement and herein.

**D. No Adverse Interest**

16. A party-in-interest holds an "interest adverse to the estate" where the party (1) possesses or asserts any economic interest that would tend to lessen the value of the estate or that would create an actual or potential dispute in which the estate is a rival claimant, or (2) possesses a predisposition under the circumstances that indicate a bias against the estate. *In re W. Delta Oil Co.*, 432 F.3d 347, 356 (5th Cir. 2005). This test must "be employed with an eye to

[3] *See* Sale Motion at ¶ 7.(a) and generally; *see also* Approval Order; *see also* Exhibit "A" at ¶¶ 24-27.

the specific facts of each case, and with attention to circumstances which may impair a professional's ability to offer impartial, disinterested advice to his or her client." *Id*.

17. Here, Special Counsel is the party-in-interest the Trustee seeks to employ. Special Counsel is not a creditor, equity holder, or insider of the Debtor. Special Counsel was not a director, officer, or employee of the Debtor. As set forth in the Declaration of Chase Potter (attached hereto as **Exhibit "C"**), Special Counsel does not hold an interest which would predispose Special Counsel against the Estate, or create an interest adverse to the Estate with respect to the matters for which Special Counsel is being employed. Special Counsel's connections with parties in interest in this bankruptcy case are described in the Declaration of Chase Potter.

### E. Employment as of February 5, 2025

18. Rule 2014-1 of the Local Rules provides that "[i]f a motion for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."[4] In the instant case, the Trustee seeks to retain Special Counsel retroactive to February 5, 2025, which is within 30days prior to the filing of this Employment App. Accordingly, the filing is contemporaneous with the commencement of Special Counsel's work related to the Unencumbered Estate Causes of Action.

## V. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests the entry of an order (i) granting the Employment App; (ii) authorizing the Trustee to employ Special Counsel, effective as of February 5, 2025, in accordance with the terms set forth in this Employment App; (iii) entering an order substantially in the same form filed contemporaneously with this

[4] N.D. Tex. L.B.R. 2014-1(b)(1).

Employment App; and (iv) granting the Trustee such other and further relief as the Court may deem just and proper.

DATED: March 6, 2025.

Respectfully submitted,

**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201-4240
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)

By: *\/s/ Kenneth A. Hill*
Kenneth A. Hill
State Bar No. 09646950

**COUNSEL FOR AREYA HOLDER AURZADA, TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served concurrently with filing by (a) the Court's CM/ECF noticing system upon all persons who have filed ECF appearances in this case, including counsel of record for the Debtor, the Trustee, the Office of the United States Trustee, and all persons and entities requesting notice under L.B.R. 2002-1(j) and (b) first class mail, postage prepaid, on the persons and entities set forth on the attached service list.[5]

By: */s/ Kenneth A. Hill*
Kenneth A. Hill

[5] The service list is omitted from service copies to avoid unnecessary copying and postage charges, but a copy can be obtained free of charge by making a written request to Diana Cruz at Quilling, Selander, Lownds, Winslett & Moser, P.C., 2001 Bryan Street, Suite 1800, Dallas, Texas 75201, fax (214) 871-2111, e-mail dcruz@qslwm.com.

# AGREEMENT

This Agreement (this "Agreement") dated as of January 29, 2025 (the "Execution Date"), is made by and between **AREYA HOLDER AURZADA** as the chapter 7 trustee of Animo Services LLC (the "Trustee") and **GLORIFI ACQUISITIONS, LLC** ("Agent"), who collectively are referred to herein as the "Parties" or in the singular case as a "Party).

## RECITALS

**WHEREAS,** on January 4, 2023 (the "Petition Date"), an involuntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") was filed against Animo Services LLC ("Animo" or "Debtor") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"), thereby initiating the bankruptcy case styled *In re Animo Services LLC*, Case No. 23-30035-mvl7 (the "Bankruptcy Case" and the estate thereof being referred to as "Estate");

**WHEREAS,** on February 8, 2023, With Purpose, Inc. ("WPI Debtor") filed a voluntary petition under chapter 7 of the Bankruptcy Code in the Bankruptcy Court, thereby initiating the bankruptcy case styled *In re With Purpose, Inc.*, Case No. 23-30246-mvl7 (the "WPI Bankruptcy Case" and the estate thereof being referred to as "WPI Estate");

**WHEREAS,** on February 9, 2023, the Bankruptcy Court entered an order for relief under chapter 7 of the Bankruptcy Code against Animo;

**WHEREAS,** Animo is a wholly owned subsidiary of WPI;

**WHEREAS,** the Animo Estate and the WPI Estate may have causes of action arising out of the operations of Animo and WPI prior to their respective bankruptcy filings;

**WHEREAS,** on January 28, 2025, Agent entered into an agreement with the trustee for the WPI Estate in the WPI Bankruptcy Case providing for the Agent to prosecute and manage c auses of action of the WPI Estate in accordance with the terms and conditions of such agreement (the "WPI Agent Agreement") [Case No. 23-30246, Docket No. 409];

**WHEREAS,** Agent and Trustee believe there is merit to entering into an agreement for the Animo Estate in the Animo Bankruptcy Case that is similar in nature to the WPI Agreement; and

**WHEREAS,** the Parties have determined that the terms of this Agreement are fair, reasonable, and adequate, and is in the best interest of the Parties and both Estates.

**NOW, THEREFORE,** in consideration of the foregoing recitals, and the terms, agreements, representation, and covenants set forth herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

EXHIBIT
A

## AGREEMENT

## CONDITIONS PRECEDENT

1. Recitals. The recitals and prefatory phrases and paragraphs set forth above are incorporated in full and made part of this Agreement.

2. Effective Date. Unless otherwise stated, the obligations, representations and warranties stated in this Agreement shall become effective on the date upon which all of the following conditions precedent have occurred (the "Effective Date"):

(a) the Bankruptcy Court has entered an order in the Debtor's Bankruptcy Case, in a form reasonably acceptable to the Parties, approving this Agreement and making findings of fact and conclusions of law to the extent required to give effect to this Agreement and such order has not been stayed, modified, or amended (the "Approval Order"), substantially in the form attached hereto as Exhibit A; and

(b) the Trustee and the Agent shall have executed a Joint Prosecution Agreement substantially in the form attached hereto as Exhibit B (the "JPA").

3. Appeals. In the event the Approval Order is stayed pending appeal, the Agent shall be under no obligation to fund the Payment. The Trustee and Agent shall work cooperatively to respond to and oppose any appeal.

4. Bankruptcy Court Approval. The Trustee shall file all appropriate motions, notices and proposed orders seeking Bankruptcy Court approval of this Agreement and entry of the Approval Order, subject to the Agent's approval as to form, such approval not to be unreasonably withheld.

5. Non-Approval. In the event the Agreement is not approved by the Bankruptcy Court on or before February 7, 2025, unless agreed to by the Parties: (a) nothing herein shall be deemed a representation or admission by any Party as to any issue, (b) this Agreement will be deemed null and void, including the validity of any and all instruments executed by any of the Parties for its performance and implementation prior to its approval and the Effective Date, and (c) the Parties shall be returned to the status quo each Party held prior to entry into this Agreement.

6. Non-Occurrence of the Effective Date. In the event the Approval Order has been entered, but the Effective Date shall have not occurred, then any Party may seek to enforce rights and obligations under this Agreement by seeking relief from the Bankruptcy Court, including relief for specific performance of other Parties' obligations hereunder. If the Effective Date shall not have occurred by February 7, 2025, this Agreement shall be null and void unless otherwise extended in writing by the Parties.

7. Final Order. Waiver of the fourteen day stay shall be requested.

**DEFINITIONS**

8. "Agent Expenses" are defined herein.

9. "Causes of Action" means any (a) claims, interests, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, in tort, law, or equity, (b) all rights of setoff, counterclaim, or recoupment and claims on contracts or for breaches of duties imposed by law (c) claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; and (d) such claims and defenses as fraud, mistake, duress, and usury and any other defenses set forth in section 558 of the Bankruptcy Code.

10. "Encumbered Estate Causes of Action" means Estate Causes of Action that are subject to a valid and perfected lien or security interest as of the Petition Date.

11. "Estate Causes of Action" means Causes of Action owned by the Estate; provided, however, that Estate Causes of Action excludes (a) any and all causes of action the Estate or the Trustee may hold against Netrix, LLC and (b) all IRS refunds.

12. "Gross Negligence" means a final determination by the Bankruptcy Court that the party has engaged in intentional wrongdoing or a knowing extreme departure from the care a reasonable person would exercise in similar circumstances.

13. "Special Counsel Fees" are defined herein.

14. "Unencumbered Estate Causes of Action" means (a) Estate Causes of Action pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code, (b) Estate Causes of Action for breach of fiduciary duty including similar and related claims unless such claims are determined by the Bankruptcy Court to be the subject of a valid and perfected lien or security interest as of the Petition Date, (c) Estate Causes of Action for malpractice unless such claims are determined by the Bankruptcy Court to be the subject of a valid and perfected lien or security interest as of the Petition Date, (d) Estate Causes of Action for commercial torts unless such commercial tort claim is determined by the Bankruptcy Court to be the subject of a valid and perfected lien or security interest as of the Petition Date, and (e) any other Estate Causes of Action that are not Encumbered Estate Causes of Action.

15. "Unencumbered Net Proceeds" shall mean: the proceeds obtained from the Unencumbered Estate Causes of Action.

**PAYMENT**

16. Payment. The Agent shall provide to the Estate $200,000 cash pursuant to 11 U.S.C. § 363, and the Trustee shall sell, and the Agent shall purchase, free and clear of any and all liens, claims, interests and encumbrances of any kind or type, the Debtor's and Estate's rights given to Agent hereunder and under the JPA, which amount shall constitute free and clear cash, free of all liens, claims, interests and encumbrances of any kind or type (the "Payment"). The

purchase shall be memorialized in one or more separate agreements and assignments as are satisfactory to the Trustee and the Agent.

17. Deposit. Within two (2) business days of the filing by the Trustee of a motion for approval of this Agreement, the Agent shall deposit the sum of $20,000 to be held in the Trustee's trust account as a credit to the Payment, and will be paid to the Trustee if the Agreement closes or Agent fails to close pursuant to the terms of the Agreement following entry of the Approval Order, or returned to Agent if this Agreement does not close for any other reason.

**PROSECUTION OF CAUSES OF ACTION**

18. Agent Sole Authority. Subject only to the Major Decisions described below, Agent shall have sole authority to prosecute, not prosecute, negotiate, settle or otherwise dispose or not dispose of the Unencumbered Estate Causes of Action. No other party shall be entitled to assert any Unencumbered Estate Causes of Action, as such sole authority over Unencumbered Estate Causes of Action is vested in the Agent.

19. Claim Investigation. The Agent shall have sole authority to retain professionals to investigate the merits of asserting Unencumbered Estate Causes of Action. Agent shall be responsible for the fees, costs and expenses of any such investigation, and any such amounts shall be included in "Agent Expenses" as defined below.

20. Joint Prosecution Agreement. The Agent and the Trustee shall enter into the JPA substantially in the form attached hereto as Exhibit B. The JPA shall vest any and all discretion and authority to prosecute the Unencumbered Estate Causes of Action in the Agent; *provided, however*, that any settlement of an Unencumbered Estate Causes of Action shall be subject to Bankruptcy Court approval. For the avoidance of doubt, the Trustee acknowledges that the Agent shall be empowered and entitled to bring suit for Unencumbered Estate Causes of Action in the name of and on behalf of Trustee and shall be further empowered to add the Trustee as a party to existing litigation or substitute the Trustee as a party to existing litigation. In the event the Agent is grossly negligent in the prosecution of Unencumbered Estate Causes of Action, the Trustee may seek relief from the Bankruptcy Court from this provision and the JPA. Major Decisions require the Trustee's approval, which approval shall not be unreasonably withheld. "Major Decisions" are limited to non-suiting, dismissing, or settling Unencumbered Estate Causes of Action, and the Agent shall at all times reasonably and timely consult with the Trustee with respect to material decisions regarding whether to prosecute Estate causes of action, not to prosecute them, negotiations regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Estate causes of action.

21. Notice and Indemnification. The Trustee and her counsel shall be kept apprised of all litigation of Unencumbered Estate Causes of Action and are entitled to advise, but not direct, the Agent's prosecution of any Unencumbered Estate Causes of Action. The Agent agrees to indemnify the Trustee and her counsel in the event any sanctions are entered against the same as a result of the Agent's actions, inactions, omissions, and the like in the prosecution of any litigation controlled by the Agent.

22. Special Litigation Counsel; Other Estate Professionals. The Trustee shall timely file one or more applications (the "Employment App") in the Bankruptcy Court to employ special litigation counsel ("Special Counsel") to pursue the Unencumbered Estate Causes of Action, such Special Counsel selected by Agent. The Trustee shall employ further other professionals to provide services to the Estate as may be reasonably requested by the Agent or Special Counsel, as selected by the Agent, and all fees and expenses of such other professionals shall be paid in full by the Agent and included in "Agent Expenses" as defined below.

23. Privileges. The Parties agree to share work product, attorney/client and other privileges in furtherance of the JPA and the prosecution and defense of the matters currently pending or to be filed in the Bankruptcy Court, and with respect to related matters raised in any other jurisdiction, venue or proceeding.

## SHARING OF UNENCUMBERED NET PROCEEDS

24. Sharing of Unencumbered Net Proceeds. In exchange for the consideration set forth in this Agreement, the Agent and the Trustee agree to the sharing of Unencumbered Net Proceeds in accordance with the table below, after first accounting for any paying any fees owed to Special Counsel.

| UNENCUMBERED NET PROCEEDS | AGENT | ESTATE |
|---|---|---|
| Up to Preferred Recovery | 100% | 0% |
| Above the Preferred Recovery | 80% | 20% |

25. Preferred Recovery. The Agent will receive a preferred recovery in the amount of (i) $200,000, plus (ii) advanced Special Counsel Fees, plus (iii) incurred Agent Expenses, plus (iv) 1% per month return on the outstanding balance of (i) through (iii), compounded monthly (collectively, the "Preferred Recovery").

26. Litigation Fee and Expenses. Fees, costs and expenses incurred by Special Counsel in pursuit of the litigation pursuant to the JPA shall be paid from Unencumbered Net Proceeds ("Special Counsel Fees"). Agent is permitted to advance Special Counsel Fees, and any such amounts advanced by Agent shall be reimbursed to Agent from the Unencumbered Net Proceeds. The Agent is not responsible for any fees and expenses incurred by the Trustee, which fees and expenses shall be paid by the Estate.

27. Agent Expenses. Fees, costs and expenses incurred by Agent with respect to the pursuit of the litigation pursuant to the JPA and the Bankruptcy Case shall be paid from Unencumbered Net Proceeds ("Agent Expenses").

28. Security Interests, Perfection and Priority. The obligations owing to Agent hereinunder shall be secured by first priority lien and security interest in all of the Unencumbered Net Proceeds. Such liens and security interests shall be deemed unavoidable, fully and properly perfected by this Agreement and the Approval Order. Following the sharing of Unencumbered Net Proceeds hereunder, the Estate's share of Unencumbered Net Proceeds

will be deemed property of the Estate free and clear of any and all liens, claims and encumbrances.

29. Funds Received by Trustee on or Before the Effective Date. Any proceeds received by the Estate on or before the Effective Date from the IRS and from the settlement with Netrix, LLC, are excluded from this Agreement.

**CLAIM OBJECTIONS**

30. Claim Objections. Pursuant to the JPA, the Agent or Trustee can object to claims, individually, jointly or cooperatively. The Agent may unilaterally assert, file and prosecute claim objections and is authorized to do so without further order of the Court.

**BREACH**

31. Either Party may seek appropriate relief from the Bankruptcy Court upon a material breach of this Agreement or the JPA by the other Party.

**MISCELLANEOUS TERMS**

32. Entire Understanding. This Agreement has been prepared after negotiations among the Parties and contains the entire understanding and agreement among the Parties with respect to the Estate Causes of Action, and any and all claims that have arisen or which could have arisen in connection with the Estate Causes of Action. No other representations, covenants, undertakings, or other prior or contemporaneous agreements, whether verbal or written, which are not specifically incorporated in this Agreement, shall be deemed in any way to exist or bind the Parties. The Parties acknowledge that no Party has executed this Agreement in reliance on any promise, representation, or warranty not expressly contained in this Agreement.

33. No Assumed Liabilities. Notwithstanding anything to the contrary set forth herein, the Parties expressly acknowledge and agree that Agent will not assume, be obligated to pay, perform or otherwise discharge or in any other manner be liable or responsible for liabilities of the Debtor or Estate, whether existing on date of the Approval order or arising thereafter, including on the basis of any law imposing successor liability, other than as expressly assumed hereunder and the obligations of Agent under this Agreement.

34. Attorneys' Fees and Costs. Unless otherwise provided in this Agreement, the Parties shall bear their own costs and attorneys' fees incurred in connection with the negotiation and consummation of this Agreement. Notwithstanding the foregoing, if any Party is required to enforce its rights under this Agreement, then the prevailing Party of any such action shall be entitled to its reasonable attorneys' fees and costs from the non-prevailing Party.

35. Capacity. By execution below, consistent with this Agreement, each Party agrees and affirmatively represents that it has the full capacity and authority to execute, perform, and be bound by each and every term of this Agreement.

36. Related Claims. If any action, claim or similar proceeding is filed or commenced in any court or tribunal asserting Unencumbered Estate Causes of Action or seeking relief in

contravention of this Agreement, the Parties shall cooperate in opposing such relief, and to seek dismissal, stay or withdrawal of such matter, including seeking relief from the Bankruptcy Court.

37. Rescission of Entire Agreement. In the event that the Bankruptcy Court declares the Agreement, or any material provision of the Agreement, invalid or unenforceable, the entire Agreement will be deemed rescinded and void ab initio.

38. Ownership of Claims. The Trustee acknowledges by virtue of signing this Agreement that the Trustee is the lawful owner of all rights, title, and interest in and to the Unencumbered Estate Causes of Action, and that it has not heretofore assigned or transferred, or purported to assign or transfer, any of such claims, in whole or in part, to any other person or entity, and that it has the authority to enter into this Agreement and to bind each Party to its terms, subject to approval of the Bankruptcy Court.

39. Insurance. Any obligation of any insurer to pay any defense costs is not a condition to the effectiveness of this Agreement, and the insurer's failure to pay any defense costs shall not affect the force and validity of this Agreement, or any obligation of any insurer.

40. Notice to Parties. Unless otherwise agreed to in writing, all notices or communications under this Agreement by any Party to the other Party shall be in writing, sent via email, and mailed by certified mail, return-receipt requested, or by overnight courier with a parcel tracking system, to counsel for the Parties. Notices shall be deemed to have been given as of the date sent. Notice shall be sent as follows:

| | |
|---|---|
| To Trustee: | Areya Holder Aurzada, Trustee<br>Law Office of Areya Holder, PC<br>PO Box 2105<br>Addison, TX 75001-2105<br>Email: areya@holderlawpc.com |
| With copies, which shall not constitute notice, to: | Quilling, Selander, Lownds, Winslett & Moser, P.C.<br>Attn: Kenneth A. Hill<br>2001 Bryan Street, Suite 1800<br>Dallas, TX 75201<br>Email: kenhill@qslwm.com |
| To Glorifi Acquisitions, LLC: | Glorifi Acquisitions, LLC<br>2655 Northwinds Parkway<br>Alpharetta, Georgia 30009<br>Attn: Richard L. Jackson<br>Telecopy Number: 678-495-5356<br>Telephone Number: 770-643-5605<br>Email: rlj@jacksonhealthcare.com |
| With copies, which shall not constitute notice, to: | Kilpatrick Townsend & Stockton LLP<br>Attn: Paul M. Rosenblatt |

1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4528
Email: PRosenblatt@ktslaw.com

41. Execution in Counterparts. The Parties may execute this Agreement in counterpart originals in any number of actual, faxed, telecopied and/or PDF scanned counterparts. Each executed counterpart will be considered an original, and all of them together will constitute a singular Agreement. No counterpart shall be altered or interlined and all of them together shall constitute but one and the same instrument.

42. Governing Law. This Agreement will be interpreted and construed under the laws of the State of Texas, the Bankruptcy Code and Bankruptcy Rules, regardless of the domicile of any Party or conflict of laws principles, and will be deemed for such purposes to have been made, executed, and performed in the State of Texas.

43. Construction. This Agreement shall be construed as if the Parties jointly participated in the preparation of this Agreement and any uncertainty and/or ambiguity shall not be interpreted against any one Party.

44. Headings. The section titles, captions, and headings contained in this Agreement are inserted as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Agreement or the effect of any of its provisions.

45. Jurisdiction and Venue. The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Agreement. Venue relating to this Agreement shall be proper in the Bankruptcy Court for the Northern District of Texas.

46. No Admission of Liability. Nothing in this Agreement shall be construed as an admission of liability or any agreement to subject a Party to the personal jurisdiction of any particular court, except and solely to the extent necessary to enforce or interpret this Agreement.

47. Binding on Successors, Assigns, and Others. This Agreement and the covenants and conditions it contains shall be jointly and severally binding upon the Parties and their respective heirs, executors, administrators, conservators, plan administrators, agents, trustees, servants, employees, committees, beneficiaries, predecessors, successors (including any successor chapter 7 trustee), attorneys, insurers, transferees, and assigns.

48. Amendments and Waivers. Any amendment to this Agreement shall be in writing and shall conform to the same formalities as exhibited in this Agreement. No failure to exercise, nor delay in exercising, any right, remedy or power under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy or power under this Agreement preclude any other or further exercise thereof, or the exercise of any other right, remedy or power provided herein or by law or in equity.

49. Further Assurances. Each of the Parties agrees to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the Execution Date, and it shall be effective on the Effective Date.

AREYA HOLDER AURZADA AS CHAPTER 7 AS CHAPTER 7 TRUSTEE OF ANIMO SERVICES, LLC

[redacted]

By: [redacted]
Name: Areya Holder Aurzada
Title: Trustee

GLORIFI ACQUISITIONS, LLC

[redacted]

By: [redacted]
Name: Richard L. Jackson
Title: CEO

**EXHIBIT A**

**FORM OF APPROVAL ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANIMO SERVICES, LLC, | § | CASE NO. 23-30035-mvl7 |
| | § | |
| DEBTOR. | § | |

**ORDER APPROVING SALE OF INTERESTS IN UNENCUMBERED CAUSES OF ACTION FREE AND CLEAR OF INTERESTS**

On February ___, 2025, the Court held a hearing on the *Motion to Approve Sale of Interests in Unencumbered Causes of Action Free and Clear of Interests* (Dkt. No. ___, the "**Motion**") filed by Areya Holder Aurzada (the "**Trustee**"), the chapter 7 trustee for Animo Services, LLC (the "**Debtor**"). After reviewing the Motion and considering the record in this case, the Court finds that the Motion has merit and should be granted. In particular, the Court finds as follows:[1]

[1] To the extent any of the findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

2. The Motion was properly filed and served in accordance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court. No response or objection was filed to the Motion.

3. On January 4, 2023, an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code was filed against the Debtor. This Court entered an order for relief under chapter 7 against the Debtor on February 9, 2023. The Trustee was appointed as the chapter 7 trustee, and she continues to serve in that capacity.

4. In the Motion, the Trustee requested authority to sell interests in the Debtor's bankruptcy estate's unencumbered causes of action, excluding any claims against Netrix, LLC or related to the federal income tax refund the Trustee already received, on the terms of the Agreement attached as Exhibit "A" to the Motion (the "**Agreement**") to the Buyer free and clear of all liens, claims, and encumbrances under sections 363(b) and (f) of the Bankruptcy Code. For ease of reference, all capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Agreement.

5. The standards of section 363(b) of the Bankruptcy Code are satisfied in this case to allow the Trustee to sell interests in the Unencumbered Estate Causes of Action to the Buyer as proposed in the Motion. Specifically, the proposed sale constitutes a sound exercise of the Trustee's business judgment and is in the best interests of the Debtor's bankruptcy estate.

6. The standards of section 363(f) are satisfied in this case to allow the Trustee's sale of interests in the Unencumbered Estate Causes of Action to the Buyer as proposed in the Motion

to be made free and clear of all interests. Specifically, the term "Unencumbered Estate Causes of Action" is defined in the Agreement to mean only causes of action owned by the Debtor's bankruptcy estate that are not subject to any liens, security interests, or other encumbrances. The Trustee represented in the Motion that her proposed sale of interests in Unencumbered Estate Causes of Action does not include interests in any causes of action encumbered by a lien or security interest held by WPI Collateral Management, LLC, as Collateral Agent for the Series 2 Noteholders.

7. This Court finds that the Buyer is purchasing interests in the Unencumbered Estate Causes of Action on the terms of the Agreement in "good faith" within the meaning of section 363(m) of the Bankruptcy Code; and that neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code.

8. To secure the Buyer's interest in the Unencumbered Net proceeds, it is reasonable to provide to the Buyer unavoidable, first-priority and perfected security interests and liens in all Unencumbered Net Proceeds (which, for the avoidance of doubt, does not include any of the $200,000 paid to the Trustee under the Agreement).

IT IS THEREFORE ORDERED as follows:

a. the Trustee shall be and hereby is authorized to sell interests in the Unencumbered Estate Causes of Action to the Buyer on the terms of the Agreement free and clear of all interests under 11 U.S.C. § 363(b) and (f);

b. the Buyer is determined to be purchasing interests in the Unencumbered Estate Causes of Action on the terms of the Agreement in "good faith" within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protections afforded

thereby, and neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the Agreement or any of the transactions contemplated thereby to be avoided or subject to monetary damages under section 363(n) of the Bankruptcy Code, or that would prevent the application of section 363(m) if the Bankruptcy Code;

c. the Buyer is granted unavoidable, first-priority and perfected security interests and liens in all Unencumbered Net Proceeds (which, for the avoidance of doubt, does not include any of the $200,000 paid to the Trustee under the Agreement), without the need for recording any U.C.C. financing statements, but which statements the Agent may record notwithstanding the automatic stay and without need for further order of the Court;

d. this Order is a final order and the fourteen-day stay provided in Fed. R. Bankr. P. 6004(h) or any other provisions staying this Order does not apply to this Order and the Trustee may close the sale of the Subject Property immediately upon entry of this Order;

e. the Trustee shall be and hereby is authorized to do all things and execute all documents necessary to close the sale of interests in the Unencumbered Estate Causes of Action on the terms approved in this Order; and

f. the Court shall retain jurisdiction over this Order and the Agreement.

# # # End of Order # # #

**Submitted by:**
**Kenneth A. Hill**
**Quilling, Selander, Lownds,**
**Winslett & Moser, P.C.**
**2001 Bryan Street, Suite 1800**
**Dallas, Texas 75201**
**ATTORNEY FOR THE TRUSTEE**

# EXHIBIT B

## JOINT PROSECUTION AGREEMENT

# JOINT PROSECUTION AGREEMENT

This JOINT PROSECUTION AGREEMENT (this "Joint Prosecution Agreement"), dated as of January 29, 2025, is made between Areya Holder Aurzada, as the chapter 7 trustee of Animo Services LLC, a Texas limited liability company (the "Trustee"), and GloriFi Acquisitions, LLC, a Georgia Limited Liability Company (the "Agent").

## RECITALS

A. WHEREAS, the Trustee and Agent have entered into that certain Agreement, e xecuted as of January 29, 2025 (the "Agreement"), pursuant to which the Trustee and Agent have agreed to enter into this Joint Prosecution Agreement to prosecute the Unencumbered Estate Causes of Action. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

B. WHEREAS, the Agreement contemplates that prior to the Effective Date of the Agreement, the Trustee and Agent will enter into this Joint Prosecution Agreement to, among other things, pursue the Unencumbered Estate Causes of Action on behalf of and in the name of the Trustee and the Estate.

C. WHEREAS, the Agreement further contemplates that this Joint Prosecution Agreement shall provide for and account for costs incurred in the prosecution of the Unencumbered Estate Causes of Action borne by the Estate; and

THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

1. The foregoing recitals are incorporated herein as if fully set forth herein.

2. This Joint Prosecution Agreement shall be effective on the Effective Date and shall have no force or effect whatsoever before the Effective Date.

3. The Trustee hereby appoints the Agent as the exclusive agent of the Trustee to investigate, commence, prosecute, manage public relations, settle, and liquidate each of the Unencumbered Estate Causes of Action, in each case, in the name of the Trustee; *provided, however*, that any settlements shall be subject to Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 and any applicable Local Rule. Major Decisions require the Trustee's approval, which approval shall not be unreasonably withheld. Major Decisions are limited to non-suiting, dismissing, or settling Unencumbered Estate Causes of Action, and the Agent shall at all times reasonably and timely consult with the Trustee with respect to material decisions regarding whether to prosecute Estate causes of action, not to prosecute them, negotiations

regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Estate causes of action.

4. Subject to the limitations of paragraph 3, the Agent is authorized to investigate, commence, prosecute, settle, and liquidate the Unencumbered Estate Causes of Action, or any portion thereof, in the sole discretion of Agent without further approval from Trustee or the Court, except as explicitly set forth in the Approval Order or the Agreement.

5. For the avoidance of doubt, nothing contained in this Joint Prosecution Agreement shall be construed to obligate the Agent to investigate, commence, prosecute settle, or liquidate any one of the Unencumbered Estate Causes of Action.

6. All proceeds derived from the investigation, commencement, prosecution, settlement, or liquidation of each of the Unencumbered Estate Causes of Action shall be payable and divided between the Estate and the Agent and paid consistent with the terms of the Agreement and Approval Order.

7. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; *provided, however*, that neither party hereto shall be permitted to assign its interest in this Joint Prosecution Agreement without the prior written consent of the other party.

8. This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Texas, without regard to the laws of any other jurisdiction that might be applied because of the conflicts of laws principles of the State of Texas.

9. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.

*[The remainder of this page has been intentionally left blank.]*

IN WITNESS WHEREOF, the parties have executed this Joint Prosecution Agreement as of the date first written above.

AREYA HOLDER AURZADA AS CHAPTER 7 AS CHAPTER 7 TRUSTEE OF ANIMO SERVICES, LLC

By: [redacted]
Name: Areya Holder Aurzada
Title: Trustee

GLORIFI ACQUISITIONS, LLC

By: [redacted]
Name: Richard L. Jackson
Title: CEO

# JOINT PROSECUTION AGREEMENT

This JOINT PROSECUTION AGREEMENT (this "Joint Prosecution Agreement"), dated as of January 29, 2025, is made between Areya Holder Aurzada, as the chapter 7 trustee of Animo Services LLC, a Texas limited liability company (the "Trustee"), and GloriFi Acquisitions, LLC, a Georgia Limited Liability Company (the "Agent").

## RECITALS

A. WHEREAS, the Trustee and Agent have entered into that certain Agreement, e xecuted as of January 29, 2025 (the "Agreement"), pursuant to which the Trustee and Agent have agreed to enter into this Joint Prosecution Agreement to prosecute the Unencumbered Estate Causes of Action. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Agreement.

B. WHEREAS, the Agreement contemplates that prior to the Effective Date of the Agreement, the Trustee and Agent will enter into this Joint Prosecution Agreement to, among other things, pursue the Unencumbered Estate Causes of Action on behalf of and in the name of the Trustee and the Estate.

C. WHEREAS, the Agreement further contemplates that this Joint Prosecution Agreement shall provide for and account for costs incurred in the prosecution of the Unencumbered Estate Causes of Action borne by the Estate; and

THEREFORE, in consideration of the foregoing and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

1. The foregoing recitals are incorporated herein as if fully set forth herein.

2. This Joint Prosecution Agreement shall be effective on the Effective Date and shall have no force or effect whatsoever before the Effective Date.

3. The Trustee hereby appoints the Agent as the exclusive agent of the Trustee to investigate, commence, prosecute, manage public relations, settle, and liquidate each of the Unencumbered Estate Causes of Action, in each case, in the name of the Trustee; *provided, however*, that any settlements shall be subject to Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 and any applicable Local Rule. Major Decisions require the Trustee's approval, which approval shall not be unreasonably withheld. Major Decisions are limited to non-suiting, dismissing, or settling Unencumbered Estate Causes of Action, and the Agent shall at all times reasonably and timely consult with the Trustee with respect to material decisions regarding whether to prosecute Estate causes of action, not to prosecute them, negotiations

EXHIBIT
B

regarding the same, and all issues related to potentially settling, abandoning, or otherwise disposing of Estate causes of action.

4. Subject to the limitations of paragraph 3, the Agent is authorized to investigate, commence, prosecute, settle, and liquidate the Unencumbered Estate Causes of Action, or any portion thereof, in the sole discretion of Agent without further approval from Trustee or the Court, except as explicitly set forth in the Approval Order or the Agreement.

5. For the avoidance of doubt, nothing contained in this Joint Prosecution Agreement shall be construed to obligate the Agent to investigate, commence, prosecute settle, or liquidate any one of the Unencumbered Estate Causes of Action.

6. All proceeds derived from the investigation, commencement, prosecution, settlement, or liquidation of each of the Unencumbered Estate Causes of Action shall be payable and divided between the Estate and the Agent and paid consistent with the terms of the Agreement and Approval Order.

7. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns; *provided, however*, that neither party hereto shall be permitted to assign its interest in this Joint Prosecution Agreement without the prior written consent of the other party.

8. This Agreement shall be governed by, and construed in accordance with, the internal laws of the State of Texas, without regard to the laws of any other jurisdiction that might be applied because of the conflicts of laws principles of the State of Texas.

9. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.

*[The remainder of this page has been intentionally left blank.]*

IN WITNESS WHEREOF, the parties have executed this Joint Prosecution Agreement as of the date first written above.

AREYA HOLDER AURZADA AS CHAPTER 7 AS CHAPTER 7 TRUSTEE OF ANIMO SERVICES, LLC

[redacted]

By: _[redacted]
Name: Areya Holder Aurzada
Title: Trustee

GLORIFI ACQUISITIONS, LLC

[redacted]

By:[redacted]_
Name: Richard L. Jackson
Title: CEO

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 23-30035-mvl7** |
| | § | |
| **ANIMO SERVICES, LLC,** | § | **Chapter 7** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**DECLARATION OF CHASE J. POTTER**

I, Chase J. Potter, hereby declare the following and hereby certify, under penalty of perjury under the laws of the United States and the State of Texas, that this Declaration is true and correct to the best of my knowledge and belief:

## I. INTRODUCTION

1. "My name is Chase J. Potter. I am more than twenty-one years of age and am competent and otherwise qualified to make this Declaration. I have personal knowledge of the matters stated herein and they are all true and correct to the best of my knowledge. To the extent any information disclosed herein requires amendment or modification on a later date, a supplemental declaration will be submitted to the Court reflecting the same.

2. I am licensed to practice law in the State of Texas and the Bankruptcy Court for the Northern District of Texas. I am a managing member at Iacuone McAllister Potter PLLC ("Special Counsel").

3. I am executing this Declaration in support of the *Trustee's Application to Employ Iacuone McAllister Potter PLLC as Special Counsel* (the "Employment App"), filed by Areya Holder Aurzada, Trustee (the "Trustee"), the chapter 7 trustee of Animo Services, LLC (the "Debtor") and its bankruptcy estate (the "Estate"). Pursuant to the Employment App, the



EXHIBIT
C

Agreement,[1] and the JPA, the Trustee seeks to retain Special Counsel to pursue Unencumbered Estate Causes of Action.

4. I will be the principal attorney in charge of the Special Counsel's representation of the Trustee with respect to the Estate's claims. I and the other professionals who will be handling the representation are fully qualified to represent the Trustee with respect to the Estate's claims. To the best of my knowledge and belief, all factual assertions in the Employment App are true and correct.

5. My business office is located at: 4925 Greenville Avenue, Suite 1112, Dallas, Texas 75206. I can be reached by phone at (214) 432-1536 and by e-mail at potter@imcplaw.com.

## II. Qualifications

6. Special Counsel has a combined several decades worth of experience in complex commercial litigation involving fraud, fraudulent transfers, and breaches of fiduciary duty. Special Counsel has handled cases similar to the Unencumbered Estate Causes of Action with excellent results. Subject to the Court's approval of the Employment App, Special Counsel is willing to serve as the Trustee's counsel to pursue viable Unencumbered Estate Causes of Action on the terms provided in the Employment App, Agreement, and JPA.

## III. Compensation and Reimbursement

7. Subject to Court approval, Special Counsel has agreed to represent the Trustee under the compensation regime described in the Agreement and the Employment App. Specifically, as further outlined in the Employment App, the fees, costs, and expenses incurred by Special Counsel in pursuit of the litigation pursuant to the Agreement and JPA shall be paid from Unencumbered Net Proceeds as provided in the Agreement.

[1] As that term is defined in the Employment App. All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms within the Employment App or the Agreement, as the case may be.

8. In accordance with section 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b), I confirm that Special Counsel has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Special Counsel, or (b) any compensation another person or party has received or may receive. Special Counsel has not received any promise as to compensation in connection with the Bankruptcy Case other than in accordance with the provisions of the Bankruptcy Code and as disclosed in the Agreement, the Employment App, and herein.

## IV. STATEMENT OF NO ADVERSE INTEREST

9. Special Counsel has reviewed its records to determine whether any potential connection, conflict of interest, or other interest exists between Special Counsel, the Debtor, the Estate, the Trustee, the Trustee's general counsel (Quilling, Selander, Lownds, Winslett & Moser, PC), or any other professional retained in the Bankruptcy Case. As of this writing, I do not believe any disqualifying interest exists. Moreover, I do not believe Special Counsel represents or holds any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed.

10. By way of disclosure, Special Counsel has the following limited connections to certain parties in interest:

a. **James Nicholas Ayers, Ayers Family Holdings, LLC, and the J. Nicholas Ayers 2021 Irrevocable Trust (collectively, the "Ayers Parties").** Special Counsel represents the Ayers Parties. The Ayers Parties (specifically, Ayers Family Holdings, LLC and the J. Nicholas Ayers 2021 Irrevocable Trust) invested in the Debtor's parent company, With Purpose, Inc.[2], and are therefore creditors of the WPI Estate. James Nicholas Ayers previously served on the WPI Debtor's board of directors. While these relationships are with the Debtor's parent company, and not the Debtor, I am nonetheless making this disclosure out of the abundance of caution due to the intertwined relationship

[2] Defined in the Agreement as the "WPI Debtor."

between this Debtor and the WPI Debtor. That said, it is my belief and opinion, based on my personal knowledge, that Special Counsel's representation of the Ayers Parties does not create any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed.

b. **Jackson Investment Group LLC, Seven Talents, LLC, and Rhythmic Capital Fund II, LLC (collectively, the "Investor Plaintiffs").** During my prior employment at the Rogge Dunn Group, PC ("RDG"), I represented the Investor Plaintiffs in relation to the state court litigation filed by the Investor Plaintiffs against Toby Neugebauer and Banzai Advisory Group, LLC (the "Seven Talents Lawsuit"). Mr. Neugebauer founded the WPI Debtor and had control of both that entity and the Debtor. RDG continues to represent the Investor Plaintiffs in the Seven Talents Lawsuit. Special Counsel does not represent the Investor Plaintiffs in the Seven Talents Lawsuit. Special Counsel represented Seven Talents, LLC ("Seven Talents") and Rhythmic Capital Fund II, LLC ("Rhythmic Capital") in responding to discovery requests served on Seven Talents and Rhythmic Capital in connection with a 9019 Motion and a Motion to Convert in the WPI Bankruptcy Case. Special Counsel also represented Seven Talents and Rhythmic Capital for the limited purpose of filing a joinder to the objection filed by Jackson Investment Group LLC to the Amended Motion to Convert filed in the WPI Bankruptcy Case. It is my belief and opinion, based on my personal knowledge, that the representation described herein of the Investor Plaintiffs does not create any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed. I am nonetheless making this disclosure out of the abundance of caution due to the intertwined relationship between this Debtor and the WPI Debtor.

c. **Keri Findley.** Special Counsel has represented Keri Findley in various matters (most of which are completely unrelated to the Debtor). Keri Findley previously served on the WPI Debtor's board of directors. It is my belief and opinion, based on my personal knowledge, that Special Counsel's representation of Keri Findley does not create any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed.

d. **Britt Amos.** Special Counsel previously represented Britt Amos for the limited purpose of responding to discovery requests served on Ms. Amos in connection with a 9019 Motion and a Motion to Convert filed in the WPI Bankruptcy Case. Ms. Amos previously served as the CHRO for the WPI Debtor. Special Counsel's limited representation of Ms. Amos has concluded. It is my belief and opinion, based on my personal knowledge, that Special Counsel's prior representation of Ms. Amos does not create any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed.

e. **GloriFi Acquisitions, LLC (the "Agent").** Special Counsel also represents the Agent for the purpose of pursuing Unencumbered Estate Causes of Action.

Special Counsel's representation of the Agent does not create any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed because the *raison d'être* for Special Counsel's retention is to liquidate the Unencumbered Estate Causes of Action which the Agent now controls by virtue of the Agreement. Thus, it is my belief and opinion, based on my personal knowledge, that Special Counsel's representation of the Agent does not create any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed.

f. **Areya Holder Aurzada (the "Trustee") and her counsel, Quilling, Selander, Lownds, Winslett & Moser, PC ("QSLWM").** Prior to joining Iacuone McAllister Potter PLLC, Joshua Shepherd was an attorney with QSLWM. While employed at QSLWM, Mr. Shepherd, on occasion, previously represented the Trustee in other, non-related, matters pending in the United States Bankruptcy Court for the Northern District of Texas. That said, Mr. Shepherd had no knowledge of, or involvement with, QSLWM's representation of the Trustee in this bankruptcy case. Accordingly, it is my belief and opinion, based on my personal knowledge, that Special Counsel's connection to, and Mr. Shepherd's prior representation of, the Trustee does not create any interest adverse to the Debtor or to the estate with respect to the matter on which Special Counsel is to be employed.

11. Based on the foregoing, I believe Special Counsel (i) does not hold or represent any interest adverse to the Debtor or to the estate with respect to the matters on which Special Counsel is to be employed, and (ii) is eligible to serve as Special Counsel for the Trustee under section 327(e) of the Bankruptcy Code.

12. I will supplement this Declaration if necessary, as more information becomes available."

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of March, 2025.

Chase J. Potter
Iacuone McAllister Potter PLLC, Managing Member

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| **IN RE:** | § | **Case No. 23-30035-mvl7** |
| | § | |
| **ANIMO SERVICES, LLC,** | § | **Chapter 7** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**ORDER GRANTING TRUSTEE'S AMENDED APPLICATION TO EMPLOY IACUONE McALLISTER POTTER PLLC AS SPECIAL COUNSEL**

CAME ON FOR CONSIDERATION the *Trustee's Amended Application to Employ Iacuone McAllister Potter PLLC as Special Counsel* (the "Employment App"), filed by Areya Holder Aurzada (the "Trustee"), the duly-appointed chapter 7 trustee for the estate (the "Estate") of Animo Services, LLC (the "Debtor"), the debtor in the above-styled and numbered chapter 7 bankruptcy case (the "Bankruptcy Case"), by which the Trustee seeks to retain, as of February 5, 2025, the law firm of Iacuone McAllister Potter PLLC (the "Special Counsel") as special counsel

to the Trustee pursuant to the approved Agreement[1] between the Trustee and Agent.

Finding that service and notice of the Employment App was sufficient and appropriate, that Special Counsel does not represent or hold any interest adverse to the Debtor or to the estate with respect to the matters on which Special Counsel is to be employed, and finding that the terms of compensation and reimbursement in the Employment App and Agreement are reasonable and appropriate, it is hereby:

ORDERED that the Employment App is APPROVED; it is further

ORDERED that the Trustee is authorized to retain Special Counsel effective as of February 5, 2025, pursuant to section 327(e) of the Bankruptcy Code; it is further

ORDERED that the Debtor, Trustee, Agent, and Special Counsel are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order; and it is further

ORDERED that the Court shall retain jurisdiction to the maximum extent possible regarding the interpretation and enforcement of this Order and the Agreement.

# # # END OF ORDER # # #

Submitted by:
Kenneth A. Hill
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
ATTORNEYS FOR THE TRUSTEE

[1] Terms not defined herein have the meaning ascribed to them in the Employment App.

Label Matrix for local noticing
0539-3
Case 23-30035-mvl7
Northern District of Texas
Dallas
Thu Mar 6 11:08:47 CST 2025

Animo Services, LLC
11700 Preston Road. Suite 660-394
Dallas, TX 75230-6112

Dallas County
Linebarger Goggan Blair & Sampson, LLP
c/o Sherrel K. Knighton
2777 N. Stemmons Frwy
Suite 1000
Dallas, TX 75207-2328

EastBanc Technologies, LLC
1211 31st Street, N.W.
Washington, DC 20007-3423

Kublr, LLC
1211 31st Street, N.W.
Washington, DC 20007-3423

Lain Faulkner & Co., PC
400 N. St. Paul Street, Suite 600
Dallas, TX 75201-6897

MBO Partners, Inc.
20405 Exchange St.
Ashburn, VA 20147-5934

McLaren Strategic Solutions, Inc.
One Park Plaza, Ste. 600
Irvine, CA 92614-5987

Neugebauer Family Enterprises LLC, Toby Neug
c/o Jackson Walker LLP
Attn: Bruce J. Ruzinsky
1401 McKinney Street, Suite 1900
Houston, TX 77010-1900

Oracle America, Inc.
Buchalter PC
c/o Shawn M. Christianson
425 Market St., Suite 2900
San Francisco, Ca 94105-2491

Quilling, Selander, Lownds, Winslett & Moser
QSLWM, P.C.
Attn: Kenneth A. Hill
2001 Bryan Street
Suite 1800
Dallas, TX 75201-3070

Savana, Inc.
c/o Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201-2721

The Great Realization, LLC
10601 Clarence Dr., Ste. 250
Frisco, TX 75033-3867

Unqork, Inc.
85 5th Ave., 6th Floor
New York, NY 10003-3019

WPI Collateral Management, LLC
2112 Indiana Ave.
Lubbock
Lubbock, TX 79424 United States 79410-1444

1100 Commerce Street
Room 1254
Dallas, TX 75242-1305

Dark Matter Technologies LLC
6651 Gate Parkway
4th Floor
Jacksonville, FL 32256-8075

Davis & Jones, LLC
Attn: Patrick R. Thesing - File No. 1149
Arlington, TX 76006

EastBanc Technologies, LLC
1211 31st St. NW
Washington, DC 20007-3423

Insurance Services Office, Inc.
Mathew Wapner
McCarter & English, LLP
100 Mulberry Street, Four Gateway Center
Newark, NJ 07102

Justin Mertz
500 Boylston Street
Suite 2570
Boston, MA 02116-4044

Kameron N. Fleming
50 N. Laura Street
Suite 3900
Jacksonville, FL 32202, FL 32202-3622

Kublr, LLC
1211 31st St. NW
Washington, DC 20007-3423

Matthew Wapner
McCarter & English, LLP
100 Mulberry Street
Four Gateway Center
Newark, NJ 07102-4062

McLaren Strategic Solutions US Inc
One Park Plaza Ste 600 Irvine, CA 92614
,

OnPoint Companies LLC
c/o Steven T. Holmes
CAVAZOS HENDRICKS POIROT, P.C.
900 Jackson Street, Suite 570
Dallas, TX 75202-2413

Oracle America, Inc.
c/o Shawn M. Christianson, Esq.
Buchalter PC
425 Market St., Suite 2900
San Francisco, CA 94105-2491

Scott M Seidel, trustee
Seidel Law Firm
6505 W. Park Blvd.
Suite 306
Plano, Texas 75093-6212

Stephen Curry
11406 S 69th E Place
Bixby, OK 74008-8241

Transmit Security, Inc.
500 Boylston Street
Suite 2570
Boston, MA 02116-4044

Unison Systems, Inc.
6130 Greenwood Plaza Blvd
Suite #100
Greenwood Village, CO 80111-4814

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242-0996

Verinext Corp. (fka Anexinet Corp.)
510 Township Line Road, Suite 120
Blue Bell, PA 19422-2721

WPI Collateral Management, LLC
Field Manning Stone Aycock P.C.
c/o Josh Frost
2112 Indiana Avenue
Lubbock, Texas 79410-1444

With Purpose, Inc.
c/o Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000
Dallas, TX 75201-6605

Areya Holder
Areya Holder, Trustee
Law Office of Areya Holder, PC
PO Box 2105
Addison, TX 75001-2105

Scott M. Seidel
SEIDEL LAW FIRM
6505 West Park Blvd.
Suite 306
Plano, TX 75093-6212

Toby Neugebauer
c/o Jackson Walker LLP
Attn: Bruce J. Ruzinsky
1401 McKinney St.
Suite 1900
Houston, TX 77010-1900

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)GloriFi Acquisitions, LLC

(u)OnPoint Companies, LLC

(d)Savana, Inc.
c/o Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201-2721

(d)Unqork Inc.
85 5th Avenue, 6th Floor
New York, NY 10003-3019

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 37 |
| Bypassed recipients | 4 |
| Total | 41 |